

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 26, 1949

Hon. Wm. E. Pool        Opinion No. V-864.
County Attorney
Winkler County          Re: Construction of S.B. 92, Acts of
Kermit, Texas               the 51st Legislature, relative
                            to compensation of precinct,
                            county, and district officials.
Dear Sir:

      You have requested an opinion relative to the
following questions:

      ". . . May the Commissioners Court raise
the salaries of the Justices of the Peace and
the salaries of the Commissioners, without be-
ing required to raise all County Officials?

      "On January 1 of this year the salaries
of County Officials except County Commission-
ers were raised from $5000.00 to $5400.00.
The County Treasurer was raised from $4500.00
to $5400.00.

      "Under these circumstances, we request a
further opinion as to whether the Commission-
ers may now raise their own salaries to cor-
respond with the raise given other county of-
ficials on January 1, 1949. If so, by what
ratio would they govern their own raise--i.e.
$5000.00 to $5400 or $4500 to $5400?

      ". . . in order to raise their own sala-
ries without being required to raise other
county officials above the present $5400.00,
may the Commissioners reduce the salaries of
such other officials, and then raise all such
officials again, coincident with a raise for
the Commissioners?"

      Sections 1 and 4 of S.B. 92, Acts of the 51st
Legislature provide:

"Section 1. The Commissioners Court in each county of this State is hereby authorized, when in their judgment the financial condition of the county and the needs of the officer justify the increase, to enter an order increasing the compensation of the precinct, county and district officers, or either of them, in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1948, whether paid on fee or salary basis; provided, however, the members of the Commissioners Court may not raise the salaries of any of such Commissioners Court under the terms of this Act without raising the salary of the remaining county officials in like proportion."

"Sec. 4. Before the Commissioners Court shall be authorized to change the salary of the public officials provided for in this Act, said Court shall publish at least once a week for three (3) consecutive weeks in a newspaper in the respective county, notice of their intention to make changes of salaries of those affected."

The Commissioners' Court of each county is expressly authorized by the provisions of S.B. 92 to increase the compensation of its precinct, county and district officials in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year 1948.

Winkler County has a population of 6,141 inhabitants according to the 1940 Federal Census and its county officers were compensated on a salary basis in 1948; the compensation of its county officers was governed by the provisions of Article 3912e-12 as amended by H.B. 785, of the 50th Legislature. Attorney General Opinion No. V-329. The maximum compensation allowed under the law (Article 3912e-12) for the fiscal year 1948 for those county officials covered by the provisions of Article 3912e-12 was $5400.00. Therefore, the Commissioners' Court of Winkler County is authorized under the provisions of S.B. 92 of the 51st Legislature to allow an increase in compensation to its county officials not to exceed $1350.00 (25% of $5400.00).

The compensation of the County Commissioners is governed by the provisions of Article 2350, V.C.S., as amended by H.B. 84, Acts of the 49th Legislature. Attorney General Opinion No. V-329. Since Winkler County had an assessed valuation in 1947 of $38,416,-175.00, the maximum allowed under the law (Article 2350) for the fiscal year 1948 was $3,600.00. Therefore, the Commissioners' Court of Winkler County may increase the compensation of its County Commissioners in an amount not to exceed $900.00 (25% of $3,600.00), provided it raises the salaries of the other county officials in like proportion.

Section 1 of S.B. 92, Acts of the 51st Legislature prohibits the Commissioners' Court of any county from granting salary raises to the members of the Commissioners' Court "without raising the salary of the remaining county officials in like proportion." In other words, the Commissioners' Court could not allow a 25 per cent increase for the County Commissioners (or $900.00) as pointed out above, without granting a 25 per cent increase (or $1350) in the compensation of the other county officials. There is no provision however that prevents the Commissioners' Court from granting an increase to the precinct officers without raising the salary of the county officials. Therefore it may grant an increase to the Justices of the Peace without granting an increase to the county officials. In the latter event, the Commissioners could not raise their own salaries, however.

In answer to your third question it is our opinion that the Commissioners' Court is not authorized to reduce and then raise the salaries of the county officers (other than the County Commissioners) in order to raise the County Commissioners' salaries without complying with the mandatory provisions discussed above. Such action would constitute a subterfuge, and the Commissioners' Court would be doing indirectly that which it is prohibited from doing directly.

Your attention is called to the provisions of Section 4 which require the Commissioners' Court to publish at least once a week for three consecutive weeks in a newspaper in the county, notice of their intention to make changes of salaries authorized under S.B. 92. Any increase in compensation for the year 1949 must be in the same proportion as the balance of the year relates to the total annual increase that may be made

under S.B. 92. Furthermore, Article 689a-11, V.C.S., (Budget Law) must be complied with. A. G. Opinion No. V-231.

## SUMMARY

In counties having a population of less than 20,000 inhabitants in which the county officials are compensated on a salary basis, the Commissioners' Court is authorized to increase the compensation of its county officials in an additional amount not to exceed 25 per cent of the sum allowed under the law (Art. 3912e-12) for the fiscal year 1948. The Commissioners' Court is not authorized to raise the salaries of the County Commissioners without raising the salaries of the other county officers in like proportion. The Commissioners' Court may, however, raise the salaries of the Justices of the Peace without raising the salaries of the county officers and the county commissioners.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By John Reeves
    John Reeves
    Assistant

JR:bh:pwb

APPROVED

Price Daniel
ATTORNEY GENERAL